## PETER LeTOURNEAU v. EMIL JOHNSON AND ANOTHER.[1]

December 18, 1931.

Nos. 28,673, 28,674.

*Rosemeier & Montague* and *Lewis, Hunt & Palmer,* for appellants. *Farnand & Galob,* for respondent.

WILSON, C. J.

Plaintiff was injured in an automobile collision. His car was struck by a car owned by defendant Emil Johnson and driven by his minor son Melvin Johnson. It is claimed that the family automobile doctrine is involved. John LaMuth is the guardian ad litem of

[1]Reported in 239 N. W. 768.

Melvin Johnson. After a verdict against both defendants of $4,750, they have appealed from an order denying their alternative motion for judgment non obstante or a new trial.

Plaintiff drove west on the Perch Lake road, entered an inter-section and turned north on the Sturgeon Lake road, which is located north and south, curving to the southwest some 600 to 800 feet south of the intersection. On the northwest corner of the inter-section is located Showers' store, having also a gasolene service station.

After plaintiff entered and turned at the intersection he went north about 125 feet on the Sturgeon Lake road and then attempted to turn to the left, cross the road, and turn into the service station, headed south. As he was in the act of making the turn his car was struck by the Johnson car while attempting to pass plaintiff on the left. Plaintiff was injured. This suit followed. Emil Johnson asserted a counterclaim for damages to his car.

1. The question of plaintiff's contributory negligence was important. One of the claims thereof was based upon the alleged violation of the uniform highway traffic act, 1 Mason, 1927, § 2720-17, L. 1927, p. 570, c. 412, § 17, which in part provides:

"The driver of any vehicle upon a highway before * * * stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and whenever the operation of any other vehicle may be affected by such movement shall give a signal either by extending the arm horizontally from and beyond the left side of the vehicle or by an adequate mechanical or electrical signal device, plainly visible to the driver of such other vehicle, of the intention to make such movement at least fifty feet before a stop or turn is to be made."

Whether plaintiff gave the required signal is in dispute. His statement that he extended his arm is disputed. The serious question is where and when did he extend his arm as he claims he did. He says he had his arm extended to the left for two or three seconds before he started to turn. His speed is estimated at ten miles per hour. If so, he traveled 14.666 feet per second. Giving due allow-

ance to the frailties of human judgment as to estimates of speed and time as involved in the pertinent testimony, and which the jury may and should consider, it is very doubtful if it should be said that plaintiff's violation of the statute appeared as a matter of law. He was not asked to state his opinion as to how far from the place of turning he first gave the signal.

However, the trial court concluded that plaintiff had violated the statute, which he read to the jury, and in the charge to the jury he referred to this at three different places:

(a) "The evidence in this case is that the plaintiff, LeTourneau, if he gave any such signal, failed to give the signal indicating an intended turn to the left at a distance of 50 feet before he started to make the turn, and you are charged that such failure on plaintiff's part is, under the law, evidence of contributory negligence."

(b) "If you find from the evidence that the plaintiff violated the provision of this statute just read and failed to see that such movement could be made in safety and failed to extend his arm at least 50 feet before the turn was to be made, you may consider this, together with all the other evidence in the case, in determining whether or not the plaintiff used such care for his own safety and protection as a person of ordinary care and prudence would use under the same or similar circumstances."

(c) "In considering defendant Emil Johnson's counterclaim, you are instructed that plaintiff, Peter LeTourneau, failed to give the signal indicating an intended turn to the left at a distance of 50 feet before he started to make the turn. In considering the counterclaim, this violation of the statute constitutes negligence on the part of the plaintiff, LeTourneau."

We assume that all road laws specified in the uniform highway traffic act are for the benefit of all persons. Certainly this particular section was for the benefit of both plaintiff and defendants. Plaintiff's violation thereof, if he did in fact violate it, is negligence as a matter of law. If it proximately resulted in injury to defendant, liability follows. If plaintiff, upon such theory, is responsible for the damages to the car owned by Emil Johnson, he would be

guilty of contributory negligence barring recovery by him. If he was in fact guilty of such conduct proximately contributing to the accident, he would be guilty of negligence per se; and it could not be said that his conduct was merely "evidence of contributory negligence."

The charge as given first told the jury that the statute had been violated as a matter of law; then left it to the jury to decide whether the statute had been violated; then charged, in reference to the counterclaim, that the statute had been violated, and correctly stated in reference to the counterclaim that such violation constituted negligence. Because of the confusion that may have resulted from the contradictory statements in the charge and the fact that the rule was not correctly given, as recently stated in Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605, we grant a new trial in both appeals.

Reversed.